IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY A. WEST-HOWELL,

    Petitioner,

v.

ERIN REYES,

    Respondent.

Case No. 2:21-cv-01300-MO

OPINION AND ORDER

Anthony A. West-Howell
17380985
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882-9419

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Marion County convictions dated May 28, 2014. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#24) is denied.

## BACKGROUND

On October 4, 2011, the Marion County Grand Jury indicted Petitioner on two counts of Sexual Abuse in the First Degree, two counts of Assault in the Fourth Degree Constituting Domestic Violence, two counts of Sodomy in the First Degree, and one count each of Attempted Assault in the Second Degree Constituting Domestic Violence, Attempted Rape in the First Degree, Strangulation, Contempt of Court, Unlawful Sexual Penetration in the First Degree, and Sexual Abuse in the Second Degree. Respondent's Exhibit 105. The charges arose from three separate incidents between August 2010 and May 2011 in which Petitioner was alleged to have physically and sexually assaulted his wife, EH.

Petitioner proceeded to trial where a jury found him guilty of two counts of Sodomy in the First Degree, two counts of Assault in the First Degree, two counts of Sexual Abuse in the First Degree, and one count of Attempted Rape in the First Degree. The jury acquitted Petitioner of all remaining charges with the exception of the Contempt charge, which the judge resolved without submitting it to the jury. Trial Transcript, pp. 252-53, 258. As a result, the trial court sentenced Petitioner to a prison term totaling 258 months. This remained Petitioner's term of imprisonment after two resentencings and related appeals that are not relevant to this habeas corpus case. *State v. West-Howell,* 261 Or. App. 115, 323 P.3d 335 (2014); 282 Or. App. 393, 385 P.3d 1121 (2016); 361 Or. 312, 393 P.3d 1173 (2017).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County raising various claims of ineffective assistance of counsel. The PCR court denied relief on all of his claims. Respondent's Exhibit 131. The Oregon Court of Appeals affirmed that decision without

issuing a written opinion, and the Oregon Supreme Court denied review.[1] *West-Howell v. Bowser,* 308 Or. App. 463, 479 P.3d 290, *rev. denied,* 367 Or. 827, 484 P.3d 326 (2021).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on September 1, 2021. In his *pro se* Amended Petition, he raises four grounds for relief:

> 1. Appellate counsel failed to present evidence to impeach statements and support ineffective and inadequate trial counsel during state post-conviction review trial. Evidence that trial counsel denied petitioner due process and a fair trial by not investigating, presenting evidence, cross-examining, properly objecting and calling witnesses to prove actual innocen[ce];
>
> 2. Trial counsel was inadequate and ineffective for failing to investigate and offer evidence, including adequate cross-examination, at trial that would impeach and discredit the complaining witnesses. And deprived petitioner of adequate and effective assistance of counsel at the mitigation phase due to counsel's failure to investigate, develop, and present available factors relevant to mitigation at sentencing.
>
> 3. Trial counsel was inadequate and ineffective for failing to object and move to cure prejudicial and bias argument inferring, improperly, by calling Petitioner a "**Psychopath**", among other things, during closing arguments, by prosecutor[']s facts of the burden of proof, the elements required, and material facts to the charges to find petitioner guilty.
>
> 4. Appellate counsel fail[ed] to include trial counsel[']s failure to object to a bias[ed] juror who knew a state witness denied petitioner due process and a fair trial during both criminal and post-conviction trial.

Amended Petition (#24), pp. 6, 9, 17, 29 (bold in original).

Respondent asks the Court to deny relief on the Petition because: (1) Petitioner failed to fairly present Grounds One, Two, and Four to Oregon's state courts, leaving them procedurally defaulted and ineligible for federal habeas corpus review; and (2) the PCR court's decision denying relief on Ground Three was not unreasonable.

---

[1] Petitioner also filed a successive PCR action in Umatilla County that was pending at the time he filed this case. Respondent's Exhibits 137-139.

3 – OPINION AND ORDER

**DISCUSSION**

I. **Exhaustion and Procedural Default**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

A. **Grounds One & Two: Failure to Investigate**

As Ground Two, Petitioner alleges that his trial attorney was constitutionally ineffective for failing to investigate the case and present favorable evidence. Although he raised this claim in his PCR proceeding, Petitioner presented only a single claim of ineffective assistance of trial counsel during his PCR appeal. Specifically, he alleged that trial counsel was ineffective for failing to object and move for a curative instruction in response to allegedly improper statements

4 – OPINION AND ORDER

that the prosecutor made during closing argument.[2] Respondent's Exhibit 132, pp. 7-28. Where the claim is no longer appealable in state court, Petitioner's abandonment of the claim during his PCR appeal resulted in a procedural default.

Perhaps recognizing that he did not fairly present his Ground Two claim to Oregon's state courts, in Ground One, he alleges that "appellate counsel" was ineffective for failing to present evidence to bolster his Ground Two claim during his PCR proceedings. Although he couches this as a claim against "appellate counsel," in his supporting memorandum, Petitioner makes clear that he is raising a claim of ineffective assistance of PCR counsel. Memo in Support (#30), pp. 1-2. Petitioner appears to ask the Court to excuse his procedural default based upon errors committed by his PCR counsel.[3]

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court set forth the procedure by which a habeas corpus petitioner can excuse the procedural default associated with a claim of ineffective assistance of trial counsel. First, Petitioner must show that his attorney in his initial-level PCR proceeding was ineffective under the standards the Supreme Court announced in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id* at 14. "[T]o fulfill this requirement, a habeas petitioner must not only show that PCR counsel performed deficiently, but also that this prejudiced petitioner, *i.e.,* that there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different." *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2017) (quotation omitted). Petitioner must also show that the defaulted claim of ineffective assistance of trial counsel is substantial insofar as it has some merit. *Martinez*, 566 U.S. at 14.

Petitioner does not dispute that his PCR attorney raised his Ground Two claim of ineffective assistance of trial counsel. Instead, he faults PCR counsel for failing to adequately

---

[2] This claim corresponds to Ground Three of the Amended Petition for Writ of Habeas Corpus, a claim Respondent concedes Petitioner fairly presented to Oregon's state courts.

[3] To the extent Petitioner seeks to raise a substantive claim that the performance of his PCR attorney violated the Constitution, such a claim fails because he had no constitutional right to counsel in his PCR proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley*, 481 U.S. 551, 553 (1987); *Ortiz v. Stewart,* 149 F.3d 923, 939 (9th Cir. 1998). As a result, the Court liberally construes Ground One of the Amended Petition to be an argument excusing the procedural default of Ground Two.

develop the claim. However, Petitioner does not provide the Court with any evidence PCR counsel might have missed, nor could he. Pursuant to 28 U.S.C. § 2254(e)(2), "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Shinn v. Ramirez*, 142 S.Ct. 1718, 1734 (2022). In this respect, "a state prisoner is responsible for counsel's negligent failure to develop the state postconviction record." *Id* at 1735.

To the extent Petitioner seeks to excuse his procedural default via *Martinez* because his PCR appellate attorney failed to pursue his Ground Two claim during the PCR appeal, *Martinez* does not apply to claims involving the alleged errors of appellate counsel. *Davila v. Davis*, 137 S.Ct. 2058 (2017). For all of these reasons, Petitioner is unable to excuse his procedural default of Ground Two.

**B.    Ground Four: Failure to Object to Biased Juror**

As Ground Four, Petitioner alleges this his PCR attorney (whom he again identifies as "appellate counsel") failed to raise a claim that his trial attorney was ineffective for neglecting to object to an allegedly biased juror who knew one of the prosecution's witnesses. In this respect, he attempts to raise a claim of ineffective assistance of counsel which he realizes he procedurally defaulted, but asks the Court to excuse the default pursuant to *Martinez* because it is attributable to his PCR attorney's decision to exclude it from the Amended PCR Petition. He points out that when he filed his *pro se* PCR Petition to initiate that collateral attack on his convictions, he included a claim that trial counsel was ineffective for failing to object to the biased juror. However, once the PCR court appointed counsel to represent him, PCR counsel amended the *pro se* Petition in a manner which omitted the claim. Compare Respondent's Exhibit 119, with Respondent's Exhibit 120. In this respect, he argues that *Martinez* excuses his procedural default.

As discussed above, in order for Petitioner to excuse his default, he must show that his underlying claim of ineffective assistance of counsel is substantial, that his PCR attorney's performance fell below an objective standard of reasonableness, and that he suffered prejudice as a result. *Martinez*, 566 U.S. at 14. The issue of potential juror bias arose in this case when a juror

("Sampson") informed the trial court that he believed he recognized a witness ("Engel"). The judge asked Engel and the other jurors to step out of the courtroom while she questioned Sampson about the scope of his relationship with Engel. Sampson related that he lived in a small town, and that Engel was a "neighbor of mine" and that "over the years I've known them pretty well." Respondent's Exhibit 106, pp. 125, 127. The judge continued the questioning, and Sampson indicated that his contact with Engel mainly consisted of saying, "Good morning" and asking how she was. *Id* at 126. Sampson indicated that Engel's parents lived around the corner from him, although he was not sure if Engel still lived with them or not but, to the best of his knowledge, it had been a while since she had lived in the neighborhood. *Id* at 126-27. Sampson stated that she was not a close, personal friend, and that he was familiar with her in the same way he was familiar with all of his neighbors. *Id* at 127-28. Sampson stated that he could still be fair and impartial in the trial. *Id* at 128. When the judge then asked the attorneys whether there were any concerns about keeping Sampson on the jury, both counsel indicated that they had no concerns. *Id.*

A juror is considered biased if his opinions are so fixed that he cannot judge the guilt of the defendant impartially. *Patton v. Yount,* 467 U.S. 1025, 1035 (1984); *Davis v. Woodford,* 384 F.3d 628, 643 (9th Cir. 2003). In this case, Sampson clearly stated that he knew Engel as a neighbor whom he would greet on the street as with any other neighbor, did not know if she still lived in the neighborhood, and was confident he could be fair and impartial. While Sampson's belief that he could be impartial is not necessarily dispositive of the issue, *see Holbrook v. Flynn*, 475 U.S. 560, 570 (1986), the record still establishes that he and Engel were not close and, instead, were only casual, neighborly acquaintances. Upon this record, trial counsel's performance did not fall below an objective standard of reasonableness when he did not object to Sampson's continued participation on the jury.[4] *See Garcia v. Sherman,* 2016 WL 454439, *7 (E.D. Cal. 2016) ("juror's casual acquaintance with a witness is not a sufficient ground to

---

[4] The trial judge's implicit finding of Sampson's impartiality is also presumptively correct in the absence of clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1).

establish that the juror is biased."). Indeed, even if counsel had objected, it is unlikely the trial judge would have removed Sampson based upon the limited nature of the relationship. *See Amezcua v. Boon,* 754 F. App'x 551, 554 (9th Cir. 2018) (no authority requires dismissal of a juror "simply because the juror knew one of the witnesses who was scheduled to appear"). For these reasons, Petitioner's Ground Four claim is not substantial, and PCR counsel made a reasonable strategic decision to omit the claim from the Amended PCR Petition. Petitioner is therefore unable to excuse his procedural default.[5]

## II.     Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists

---

[5] Petitioner also makes reference to his actual innocence as another reason to excuse his procedural default. Where he fails to present any new evidence of his innocence, he cannot excuse his default in this manner. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

### III. Ground Three: Failure to Object to Prosecutor's Argument

As Ground Three, Petitioner asserts that trial counsel was ineffective for failing to object and move for a curative instruction in response to allegedly improper statements the prosecutor made in his closing and rebuttal arguments. During his PCR proceedings, Petitioner took issue with the following argument by the prosecutor:

> And so he got mad at her when she went to go get the kid and so that's when he threw her into the door, causing a lot of pain. This is not a credible human being. It's a lot closer to a psychopath. So to take a step further that, yeah, he's probably sexually abusing her, he's probably doing more what he wants to her sexually, is really not that hard (unintelligible). It's pretty consistent with everything else he does, including saying to Officer Nelson, when he found out he was going to be arrested, "You tell her to get stuff out of my house."

Respondent's Exhibit 107, p. 5. Petitioner also took issue with the prosecutor's statements during closing argument that purportedly misled the jury as to a material element of forcible compulsion and improperly shifted the burden of proof to Petitioner. The PCR court denied relief as follows:

> Petitioner has not proven that his trial attorney [failed] to object and move to cure the prosecutor's distortions of the burden of proof, the elements required to prove the charges, and facts material to the charges during the prosecutor's closing and rebuttal. Generally speaking, in the context of assessing an attorney's performance, failure to object during a closing summation generally does not constitute deficient performance. Absent egregious misstatements, the failure to object during closing argument and opening statement is within the wide range of permissible professional legal conduct. The relevant question is whether the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. Here, an objection, a motion for a mistrial directed at any of the portions petitioner challenges in this proceeding would likely not have succeeded because none of those arguments was

improper. In this case trial counsel made a strategic decision to not object or make any motions regarding the prosecutor's argument.

In his Petition, Petitioner points to four instances in which he claims that trial counsel should have objected. When read in context, the prosecutor's statements are not improper. When the prosecutor said '[t]his is not a credible human being' and '[i]t's a lot closer to a psychopath', he was arguing that the Petitioner's account given to police should not be believed. This is permissible argument.

In the argument Petitioner objects to[,] the prosecutor was not making a burden of proof argument. He was not arguing that the jury only needs to find that petitioner "probably" sexually abused the victim to find petitioner guilty. The prosecutor was making a corroboration argument. He was arguing that all the evidence of emotional manipulation and physical abuse, which petitioner admitted to, corroborates the victim's testimony that petitioner also sexually abused her, and further shows that petitioner was being disingenuous in his denials of the sexual abuse. That is not improper argument. The jury was instructed correctly on the burden of proof.

Petitioner argues that the prosecutor in part of his closing and rebuttal was impermissibly shifting the burden of proof from the prosecution to the defense. In reality the prosecutor was arguing that there was no evidence, not in petitioner's statement to the police, not during the victim's testimony, either direct or cross, and not in anyone else's testimony, from which it would be reasonable to infer that the victim had an improper motive to come forward with her claims. The prosecutor argued further that, in fact, it was reasonable to infer based on the evidence elicited at trial, that the victim had a motive not to come forward. This was reasonable argument.

Petitioner argues that the prosecutor's argument was improper because it "muddied" the material element of forcible compulsion necessary to prove the two first-degree sodomy charges, the two first-degree sexual abuse charges, and the one unlawful sexual penetration charge. However, the prosecutor was not muddying a material element. He was responding to statements made by petitioner to the police that he "never forced sex" on the victim. The prosecutor is trying to clear up what could possibly confuse the jury; he is not trying to confuse the jury. The prosecutor is arguing against the possibility that the jury could conflate the sodomy and sexual abuse charges with "forced sex" and then

10 – OPINION AND ORDER

> acquit petitioner because he denied ever forcing the victim to have sex with him. Indeed, not only did the prosecutor clearly state what petitioner is charged with immediately after arguing that he was not charged with forcibly having sex with the victim, but he outlined the elements of the crimes in detail for the jury later in closing.
>
> Because none of the challenged arguments are improper, petitioner has failed to prove trial counsel erred by declin[ing] to object, move for a curative instruction, or move for a mistrial. Petitioner has also failed to prove that he was prejudiced by trial counsel's actions. Petitioner has not proven that the failure to object, move to strike or move for a mistrial could have had a tendency to affect the outcome of the trial.

Respondent's Exhibit 131, pp. 4-5.

Petitioner argues that the PCR court's decision constitutes an unreasonable application of clearly established federal law because it did not consider the cumulative nature of counsel's errors. He maintains that the mere act of not conducting a cumulative error analysis amounts to a constitutional violation. He believes that the prosecutor's statements inflamed the passions of the jury, prompting it to convict him because he is a "bad person" and not because of the evidence adduced at trial.

The PCR court found that none of the Petitioner's challenged arguments was improper, a finding that is supported by the record. While a series of errors might arise to a constitutional violation even if no single error is of a constitutional dimension, *Davis v. Woodford*, 384 F.3d 628, 654 (9th Cir. 2004), Petitioner's claims are not sufficiently meritorious to meet this threshold. Where the prosecutor's closing argument was not improper and did not warrant an objection, counsel's performance did not fall below an objective standard of reasonableness. The PCR court's resolution of Petitioner's Ground Three claim was both thorough and well-reasoned and, at a minimum, did not involve an unreasonable application of clearly established federal law that was so incorrect that no fairminded jurist could agree with it. *Richter*, 562 U.S. at 102. Accordingly, Petitioner is not entitled to habeas corpus relief.

///

**CONCLUSION**

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#24) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

1/10/2023
DATE

*Michael W. Mosman*
Michael W. Mosman
United States District Judge

12 – OPINION AND ORDER